LABORDE, Judge.
In this case, Robin Anne Collins (plaintiff), appealed an administrative ruling suspending her driver’s license for ninety days after she was charged with driving while intoxicated (D.W.I.). The trial court reversed the administrative order finding the breathalyzer test was invalid given the time delay between the actual administration of the test and the time of the last operation of the vehicle. We find the test was administered within a reasonable time after the last operation of the vehicle and reverse.
FACTS
This matter arose on February 10, 1991, when Corporal Frank Adams of the Lake Charles Police Department observed plaintiff, Robin Anne Collins (plaintiff), run a red light at the intersection of Common and McNeese Streets in Lake Charles, Louisiana, at approximately 1:00 a.m. Corporal Adams also observed the vehicle weaving and stopped plaintiff for questioning. Upon observing an odor of alcohol on plaintiff’s breath, Officer Adams performed several field sobriety tests on plaintiff. Plaintiff’s performance on these tests was poor, and she was placed under arrest, advised of her Miranda rights, and transported to the Lake Charles Police Department. While at the police department, plaintiff was advised of her rights relating to the chemical test for intoxication and submitted to a breathalyzer test. The result of this test indicated a blood alcohol level of .138 percent. Plaintiff’s license was then suspended for a 90 day period pursuant to La.R.S. 32:667. Plaintiff requested an administrative hearing wherein her suspension was affirmed. Plaintiff then appealed this ruling to the Fourteenth Judicial District Court for judicial review of the administrative suspension order. The trial court rescinded the decision of the administrative law judge and ordered the Department of Public Safety to return plaintiff’s driver’s license. The court based this decision on its finding that the chemical test for intoxication was not administered sufficiently close in time to the arrest rendering the test results invalid. The Louisiana Department of Public Safety now appeals this ruling.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the Department of Public Safety contends the tri *812 al court erred in finding a chemical test for intoxication administered forty minutes after stopping the plaintiff was invalid. In its written reasons for judgment, the trial court stated the intoxilyzer readings were insufficient to suspend plaintiffs license given the time delay. The trial court based its decision on its belief that the test was administered too long after plaintiff last operated her vehicle to conclusively determine if plaintiff was guilty of driving while intoxicated at the time she was stopped. The issue of the proper delay period for administering a breathalyzer test after the last operation of the vehicle to a person suspected of D.W.I. has never been addressed by any court in this state. However, a review of several other state’s jurisprudence indicates a breathalyzer test must be administered within a reasonable time after the defendant was actually operating his vehicle. See, State v. Tischio, 107 N.J. 504, 527 A.2d 388 (1987) and State v. Taylor, 132 N.H. 314, 566 A.2d 172 (1989). Such laws have arisen as a result of the difficulty in ascertaining a person’s blood alcohol level at the precise time of operating the vehicle given that the absorption and elimination rates of alcohol varies from individual to individual. Furthermore, a person’s blood alcohol content increases for a period of time after consumption and then begins to decrease as the alcohol is eliminated, principally through metabolism. See, 2 D. Nichols, Drinking/Driving Litigation section 23:01 (1985). For this reason, many jurisdictions have held as long as such tests are administered within a reasonable time from the operation of the vehicle, the test is valid. See, Nichols, supra. We agree with this reasoning and we hold that all blood alcohol tests must be administered within a reasonable time after the driver’s last operation of the vehicle. What constitutes a reasonable time generally varies given the facts and circumstances of each case. Some courts have held such tests administered fifteen minutes after operation of the vehicle were invalid while others have held tests administered as late as two and one-half hours after operation of the vehicle are valid. See, Nichols, supra.
In this case the breathalyzer test was administered forty minutes after plaintiff was stopped. Corporal Adams testified he administered several field sobriety tests to the plaintiff after stopping her and smelling the alcohol, all of which she failed. He then arrested her, Mirandized her, and transported her to the police station where he administered a breathalyzer test. Given the facts and circumstances of this particular case, we find forty minutes was reasonable, and the breathalyzer test results valid. We therefore reverse the trial court and reinstate the ruling of the administrative hearing officer.
DECREE
The trial court decision is reversed. Costs of this appeal are assessed against plaintiff, Robin Anne Collins.
REVERSED.